IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELICIA N. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-566 |
| | § | |
| THE UNITED STATES POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Felicia Jones, proceeding *pro se*, filed suit against her former employer, the United States Postal Service ("USPS"), on February 8, 2011. (Docket Entry No. 1). Jones asserted claims under the Federal Employee Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.*, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and Title VII. She claims that the USPS underpaid her for injuries that occurred while she was working as a mail carrier on August 6, 1999, and that the USPS discriminated against her when it terminated her employment on October 13, 1999 as part of a reduction in force.[1] Jones was treated for her injuries from August 6, 1999 until October 1, 1999 and received $1,209.58 in medical benefits and $30.00 in disability benefits under FECA. She also received 170.61 hours of continuation pay amounting to $1,798.30. Jones first brought her discrimination claim before an administrative judge, who found that she failed to establish a *prima facie* case. She appealed to the Equal Employment Opportunity Commission ("EEOC"). The EEOC affirmed the administrative judge and issued Jones a right-to-sue letter on March 1, 2004. The right-

---

[1]  Jones has filed two complaints. The first complaint alleged the FECA and FTCA violations; the second alleged the Title VII violation.

to-sue letter informed her that she had 90 days to file a civil action in a United States District Court. The USPS has moved to dismiss both clams. (Docket Entry Nos. 12, 20). Jones responded, (Docket Entry No. 23), and the USPS replied, (Docket Entry No. 29). This court heard argument at a hearing on June 24, 2011.

Limitations bars Jones's FTCA claim. The FTCA states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401; *see also Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006) ("Section 2401(b) bars a tort action against the federal government unless the claim is first presented to the appropriate federal agency 'within two years after such claim accrues.'" (citing *United States v. Kubrick*, 444 U.S. 111, 113 (1979))). Jones did not present her FTCA claim to the USPS until October 8, 2010. It is barred by limitations.

The money Jones received under FECA also precludes her FTCA claim. For injuries within its coverage, FECA's remedy is exclusive of other remedies, including the FTCA. 5 U.S.C. § 8116(c); *see also Grivalja v. United States*, 781 F.2d 472 (5th Cir. 1986) (upholding district court's determination that acceptance of benefits under FECA precludes an FTCA claim).

USPS's motion to dismiss, (Docket Entry No. 12), is granted. Jones's FECA and FTCA claims are dismissed, with prejudice.

Limitations also bars Jones's Title VII claims. Under Title VII, an aggrieved person has 90 days after being notified of the EEOC's final decision to file suit. 42 U.S.C. § 2000e-5(f)(1); *see also Morgan v. Potter*, 489 F.3d 195, 197 (5th Cir. 2007) (affirming dismissal of suit filed two days

after expiration of 90-day period). Jones received her right-to-sue letter on March 1, 2004 and did not file this lawsuit until February 8, 2011. Her Title VII claims are dismissed, with prejudice.

The USPS's motions to dismiss, (Docket Entry Nos. 12, 20), is granted. Jones's lawsuit is dismissed, with prejudice.

SIGNED on June 24, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge