IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELICIA NICOLE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-11-566 |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Felicia Jones moves for leave to proceed *in forma pauperis* on appeal, without prepayment of fees. (Docket Entries No. 41, 52).[1] Jones seeks reinstatement and $100 million in damages for her 1999 termination from her postal service job and her inability to be rehired in 2000. After a formal hearing on these claims in 2003, the Administrative Judge found that Jones had failed to establish a *prima facie* case of race, sex, physical disability, or retaliation discrimination and that the postal service had articulated legitimate reasons for its actions based on problems with her work performance. Jones appealed to the U.S. Equal Employment Opportunity Commission's Office of Federal Operations, which affirmed the AJ's decision in February 2004. Jones was informed that she had 90 days to file a civil action. In November 2008, she filed another informal complaint with the USPS's EEO Field Operations, based on the same allegations. Despite being told that she could not proceed in that fashion, she filed a Notice of Appeal/Petition to the Commission in January and in June 2009. The Commission responded on August 12, 2009 that it "does not process civil

---

[1] This court construes Jones's "Motion to Appeal," filed on June 27, 2011 (Docket Entry No. 41), as a motion for leave to appeal *in forma pauperis*.

1

actions" and directed her to the United States District Court's website. In September 2009, Jones filed an employment discrimination suit in the United States District Court, Southern District of Texas, Case Number 4:09-mc-00465, raising the same allegations originally contained in her July 14, 2000 formal complaint of discrimination. The judge denied *in forma pauperis* status.

Jones filed this case almost two years later, raising the same allegations. After a hearing, this court dismissed the case because it is time-barred. Jones now seeks to appeal *in forma pauperis.*

Rule 24 of the Federal Rules of Appellate Procedure provides:

> A party *who was permitted to proceed in forma pauperis in the district-court action*, . . . may proceed on appeal in forma pauperis without further authorization, unless:
> (A) *the district court*–before or after the notice of appeal is filed–*certifies that the appeal is not taken in good faith* or finds that the party is not otherwise entitled to proceed in forma pauperis and states its reasons for the certification or finding.

FED. R. APP. P. 24(a)(3) (emphasis added). In deciding whether to grant a party leave to appeal *in forma pauperis,* a district court considers whether the party "seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). Finding that appeal would be frivolous, this court certifies that the appeal is not taken in good faith and that Jones should not be allowed to proceed on appeal *in forma pauperis*. Her motions, Docket Entries No. 41 and 52, are denied. If Jones disagrees with this court's denial of her motion to proceed on appeal *in forma pauperis* and the finding that the appeal is frivolous, she may petition the Fifth Circuit for a review of the decision.[2]

---

[2] Jones has filed her appellate brief in this court. (Docket Entry 50). Because this court cannot grant appellate relief, Jones must file her brief with the Court of Appeals for the Fifth Circuit.

Jones also seeks a copy of the transcript at government expense. Because Jones has not identified a nonfrivolous issue for appeal or set forth factual allegations and legal arguments to demonstrate that she will raise nonfrivolous issues on appeal, her IFP motion has been denied. She is not entitled to transcripts at government expense because she has not been granted leave to proceed IFP and she has not shown why she needs the transcript. *See* 28 U.S.C. § 753(f); *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir.1985). Accordingly, her motion for transcripts at government expense and for extension of transcript deadlines, (Docket Entry No. 44, 49), is also denied.

SIGNED on September 6, 2011, at Houston, Texas.

*Lee H. Rosenthal*
Lee H. Rosenthal
United States District Judge